UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DAUM GLOBAL HOLDINGS CORP.,

                           Petitioner,

          -against-

YBRANT DIGITAL LIMITED,
YBRANT MEDIA ACQUISITION, INC., and
LGS GLOBAL LIMITED a/k/a
YBRANT DIGITAL LIMITED,

                        Respondents.
-------------------------------------------------------------------X

Case No. 13-Civ.-3135 (AJN)

RESPONDENTS' OPPOSITION
TO PETITION TO CONFIRM
PARTIAL ARBITRATION
AWARD

       David C. Wrobel, an attorney duly admitted to practice law in the State of New York and in this Court, under penalties of perjury, deposes and says that:

    1.    I am a member of the law firm of Wrobel & Schatz LLP, attorneys of record for defendants Ybrant Digital Limited ("Ybrant Digital"), Ybrant Media Acquisition, Inc. ("Ybrant Media"), and LGS Global Limited a/k/a Ybrant Digital Limited (collectively, "Respondents") in this action.

    2.    This affirmation is submitted in opposition to the petition of Daum Global Holding Corp. (hereinafter "Daum Global" or "Petitioner") for the confirmation of an international arbitration partial award against Respondents pursuant to New York convention and 9 U.S.C §207.

    3.    Except where otherwise indicated, I have personal knowledge of the facts set forth herein and am competent to testify if called.

    4.    It is respectfully submitted that it is premature for this Court to confirm the partial arbitral award, dated March 6, 2013, issued by the International Chamber of Commerce ("ICC") because the award is not final.

5.     Pursuant to Article 36 (5) of the ICC International Court of Arbitration Rules (the "Rules"), "[t]he amount of any advance on costs fixed by the Court pursuant to this Article 36 may be subject to readjustment at any time during the arbitration."

6.     Pursuant to Article 37(4) of the Rules "[t]he final award shall fix the costs of the arbitration and decide which of the parties shall bear them or in what proportion they shall be borne by the parties."  A copy of Articles 36 and 37 of the Rules is attached hereto as Exhibit 1.

7.     As clearly set forth in the Petition and in the supporting papers filed by Petitioners, the parties are still at the early stages of the arbitration and, thus, the amount of advance on costs set by the ICC may be readjusted at any time.

8.     Additionally, at the end of the arbitration, the final award shall declare which party should bear the costs of the arbitration.

9.     Accordingly, it is premature for this Court to confirm the non-final award regarding the advance on costs of the arbitration.

## CONCLUSION

10.    For the reasons set forth herein, Respondents respectfully request that this Court to decline to confirm the partial arbitral award, dated March 6, 2013, issued by the ICC, and for such other relief in connection therewith as the Court may find just and proper.

Dated: New York, New York
      June 14, 2013

                        WROBEL SCHATZ & FOX LLP

                        By: _____/s_____
                             David C. Wrobel (DW-5242)
                        M. Katherine Sherman (KW-7490)
                        1040 Avenue of the Americas, 11th Floor
                        New York, New York 10018
                        Tel: (212) 421-8100
                        *Attorneys for Respondents*

2

# EXHIBIT 1

6/14/13
Case 1:13-cv-03135-AJN   Document 12   Filed 06/14/13   Page 4 of 4
ICC Rules of Arbitration | ICC - International Chamber of Commerce

2)
Additional copies certified true by the Secretary General shall be made available on request and at any time to the parties, but to no one else.

3)
By virtue of the notification made in accordance with Article 34(1), the parties waive any other form of notification or deposit on the part of the arbitral tribunal.

4)
An original of each award made in accordance with the Rules shall be deposited with the Secretariat.

5)
The arbitral tribunal and the Secretariat shall assist the parties in complying with whatever further formalities may be necessary.

6)
Every award shall be binding on the parties. By submitting the dispute to arbitration under the Rules, the parties undertake to carry out any award without delay and shall be deemed to have waived their right to any form of recourse insofar as such waiver can validly be made.

[Return to top]

Article 35: Correction and Interpretation of the Award; Remission of Awards

1)
On its own initiative, the arbitral tribunal may correct a clerical, computational or typographical error, or any errors of similar nature contained in an award, provided such correction is submitted for approval to the Court within 30 days of the date of such award.

2)
Any application of a party for the correction of an error of the kind referred to in Article 35(1), or for the interpretation of an award, must be made to the Secretariat within 30 days of the receipt of the award by such party, in a number of copies as stated in Article 3(1). After transmittal of the application to the arbitral tribunal, the latter shall grant the other party a short time limit, normally not exceeding 30 days, from the receipt of the application by that party, to submit any comments thereon. The arbitral tribunal shall submit its decision on the application in draft form to the Court not later than 30 days following the expiration of the time limit for the receipt of any comments from the other party or within such other period as the Court may decide.

3)
A decision to correct or to interpret the award shall take the form of an addendum and shall constitute part of the award. The provisions of Articles 31, 33 and 34 shall apply mutatis mutandis.

4)
Where a court remits an award to the arbitral tribunal, the provisions of Articles 31, 33, 34 and this Article 35 shall apply mutatis mutandis to any addendum or award made pursuant to the terms of such remission. The Court may take any steps as may be necessary to enable the arbitral tribunal to comply with the terms of such remission and may fix an advance to cover any additional fees and expenses of the arbitral tribunal and any additional ICC administrative expenses.

[Return to top]

COSTS

Article 36: Advance to Cover the Costs of the Arbitration

1)
After receipt of the Request, the Secretary General may request the claimant to pay a provisional advance in an amount intended to cover the costs of the arbitration until the Terms of Reference have been drawn up. Any provisional advance paid will be considered as a partial payment by the claimant of any advance on costs fixed by the Court pursuant to this Article 36.

2)
As soon as practicable, the Court shall fix the advance on costs in an amount likely to cover the fees and expenses of the arbitrators and the ICC administrative expenses for the claims which have been referred to it by the parties, unless any claims are made under Article 7 or 8 in which case Article 36(4) shall apply. The advance on costs fixed by the Court pursuant to this Article 36(2) shall be payable in equal shares by the claimant and the respondent.

3)
Where counterclaims are submitted by the respondent under Article 5 or otherwise, the Court may fix separate advances on costs for the claims and the counterclaims. When the Court has fixed separate advances on costs, each of the parties shall pay the advance on costs corresponding to its claims.

4)
Where claims are made under Article 7 or 8, the Court shall fix one or more advances on costs that shall be payable by the parties as decided by the Court. Where the Court has previously fixed any advance on costs pursuant to this Article 36, any such advance shall be replaced by the advance(s) fixed pursuant to this Article 36(4), and the amount of any advance previously paid by any party will be considered as a partial payment by such party of its share of the advance(s) on costs as fixed by the Court pursuant to this Article 36(4).

5)
The amount of any advance on costs fixed by the Court pursuant to this Article 36 may be subject to readjustment at any time during the arbitration. In all cases, any party shall be free to pay any other party's share of any advance on costs should such other party fail to pay its share.

6)
When a request for an advance on costs has not been complied with, and after consultation with the arbitral tribunal, the Secretary General may direct the arbitral tribunal to suspend its work and set a time limit, which must be not less than 15 days, on the expiry of which the relevant claims shall be considered as withdrawn. Should the party in question wish to object to this measure, it must make a request within the aforementioned period for the matter to be decided by the Court. Such party shall not be prevented, on the ground of such withdrawal, from reintroducing the same claims at a later date in another proceeding.

7)
If one of the parties claims a right to a set-off with regard to any claim, such set-off shall be taken into account in determining the advance to cover the costs of the arbitration in the same way as a separate claim insofar as it may require the arbitral tribunal to consider additional matters.

[Return to top]

Article 37: Decision as to the Costs of the Arbitration

1)
The costs of the arbitration shall include the fees and expenses of the arbitrators and the ICC administrative expenses fixed by the Court, in accordance with the scale in force at the time of the commencement of the arbitration, as well as the fees and expenses of any experts appointed by the arbitral tribunal and the reasonable legal and other costs incurred by the parties for the arbitration.

2)
The Court may fix the fees of the arbitrators at a figure higher or lower than that which would result from the application of the relevant scale should this be deemed necessary due to the exceptional circumstances of the case.

3)
At any time during the arbitral proceedings, the arbitral tribunal may make decisions on costs, other than those to be fixed by the Court, and order payment.

4)
The final award shall fix the costs of the arbitration and decide which of the parties shall bear them or in what proportion they shall be borne by the parties.

5)
In making decisions as to costs, the arbitral tribunal may take into account such circumstances as it considers relevant, including the extent to which each party has conducted the arbitration in an expeditious and cost-effective manner.

6)
In the event of the withdrawal of all claims or the termination of the arbitration before the rendering of a final award, the Court shall fix the fees and expenses of the arbitrators and the ICC administrative expenses. If the parties have not agreed upon the allocation of the costs of the arbitration or other relevant issues with respect to costs, such matters shall