USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: FEB 2 0 2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAUM GLOBAL HOLDINGS CORP.,
                              Petitioner,

            –v–

YBRANT DIGITAL LIMITED et al.,
                              Respondents.

13 Civ. 03135 (AJN)

MEMORANDUM
AND ORDER

ALISON J. NATHAN, District Judge:

Daum Global Holdings Corp. ("Petitioner" or "Daum") brings a petition, pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517 ( "New York Convention" or "Convention"), implemented and codified at 9 U.S.C. § 207, for confirmation of a foreign arbitral award issued by the International Chamber of Commerce ("ICC") International Court of Arbitration in Singapore on March 6, 2013. For the reasons stated below, the petition for confirmation is GRANTED.

## I.    BACKGROUND

The following facts are derived from the Petition and supporting documents and are undisputed for the purposes of this petition unless otherwise noted. The parties' underlying dispute follows from a Stock Purchase Agreement in which Respondent Ybrant Media Acquisition, Inc. ("YMA"), a Delaware corporation, agreed to purchase Lycos, Inc. from Daum, a Korean corporation. Pet. at 3; *see* Park Aff., Ex. B ("Agreement"). Respondent Ybrant Digital Limited ("YDL"), an Indian corporation, is YMA's parent and later became a party to the agreement, and Respondent LGS Global Limited ("LGS"), also an Indian corporation, later merged with YDL, assuming its assets and liabilities. *Id.* at 4. A dispute arose after Respondents defaulted on their obligations, and began to extract cash from Lycos. *Id.* In response, Petitioner obtained a preliminary injunction in New York State Supreme Court to

1

prevent dissipation of Lycos' assets and destruction of its security interest, and requested arbitration. Park Aff. Ex. A ¶ 8 ("Award").

The Agreement stipulated that any disputes would be submitted to arbitration in Singapore pursuant to the ICC Rules of Arbitration ("ICC Rules"), with jurisdiction over "preliminary relief in aid of arbitration" and "enforcement of any award issued" in New York Courts. *Id.* Accordingly, the ICC Court appointed a tribunal of three neutral arbitrators ("the Tribunal") to resolve the dispute and "fix[ed] the advance on costs . . . likely to cover the fees and expenses of the arbitrators and the ICC administrative expenses" for the party's claims at $500,000. Award ¶¶ 13–15, 32; *see* ICC Rules arts. 12(4), 36(2). The advance was "payable in equal shares by the claimant and the respondent," ICC Rules art. 36(2), but Respondents did not pay their share. Pet. at 5. As this could lead to the withdrawal of the request for arbitration, Petitioner paid the full amount of the advance. Pet. at 5; Award ¶¶ 37–38; *see* ICC Rules art. 36(5)–(6).

To recoup the advance, Daum sought from the Tribunal a partial final award of $250,000. Pet. at 5; Award ¶ 20. Respondents opposed, but the Tribunal found that "Respondents are liable to Daum in respect of the advance on costs claim" and issued an Award stating that "[t]he Respondents shall pay Daum the sum of US$250,000." Award ¶¶ 41–50, 54, 63.

When the Respondents did not pay, Petitioner filed the instant petition to confirm the Award, arguing that none of the grounds for refusal of confirmation apply. Pet. Mem. at 5. In their view, the partial Award should be confirmed because it "finally resolves a separate and distinct part of an arbitrated dispute." *Id.* at 6. Respondents did not dispute any of the foregoing facts, but opposed confirmation, contending that "it is premature for the Court to confirm the partial arbitral award . . . because the award is not final." Wrobel Decl. ¶ 4.

## II.    DISCUSSION

The New York Convention and Federal Arbitration Act apply to this petition to confirm an award from a commercial arbitration that is not entirely between citizens of the United States. *See* 9 U.S.C. § 202. "The court shall confirm the award unless it finds one of the [seven] grounds for refusal or deferral of recognition or enforcement of the award" found in the Convention. *Id.* § 207. "'Given the strong public policy in favor of international arbitration,' the party seeking to avoid summary confirmance of an arbitral award has the heavy burden of proving that one of the seven defenses applies." *VRG Linhas Aereas S.A. v. Matlin Patterson Global Opportunities Partners II LP*, 717 F.3d 322, 325 (2d Cir. 2013) (quoting *Encyclopaedia Universalis S.A. v. Encyclopaedia Britannica, Inc.*, 403 F.3d 85, 89 (2d Cir. 2005)). "The FAA includes a strong presumption that if an award is final and neither party has a legitimate objection, the court should confirm it." *Fluor Daniel Intercontinental, Inc. v. General Elec. Co.*, No. 06 Civ. 3294 (GEL), 2007 WL 766290, at *1 (S.D.N.Y. Mar. 13, 2007) (citing 9 U.S.C. § 207).

The seven defenses include, *inter alia*, that the "agreement is not binding on the parties." New York Convention art. V(1)(e). For example, the Court lacks authority to confirm an award that is interim, not final. *See C.E. Int'l Resources Holdings v. S.A. Minerals Ltd. P'ship*, No. 12 Civ. 8087 (CM), 2012 WL 6178236, at *2 (S.D.N.Y. Dec. 12, 2012) (citing *Michaels v. Mariforum Shipping S.A.*, 624 F.2d 411, 414 (2d Cir. 1980)). However, "an award which finally and definitely disposes of a separate independent claim may be confirmed although it does not dispose of all the claims that were submitted to arbitration." *Metallgesellschaft A.G. v. M/V Capitan Constante*, 790 F.2d 280, 283 (2d Cir. 1986); *see Global Gold Mining, LLC v. Caldera Resources, Inc.*, 941 F. Supp. 2d 374, 383 (S.D.N.Y. 2013).

Respondent asks the Court not to enforce the Award because (1) the amount of the advance on costs is subject to readjustment during the arbitration; and (2) the Award may

conflict with the Tribunal's final award, which will set the amount of the costs to be borne by the parties. *See* Wrobel Decl. ¶¶ 4–8. Neither argument provides a basis to not confirm the award.

The Award was "final" because it decided both liability and damages. *See Esso Exploration & Prod. Chad, Inc. v. Taylors Int'l Servs.*, 293 F. App'x 34, 36 (2d Cir. 2008) (citing *Michaels v. Mariforum Shipping S.A.*, 624 F.2d at 413–14); Award ¶¶ 54 ("Respondents are liable to [Petitioner] in respect of the advance on costs claim"), 63 ("[T]he Tribunal orders that . . . the Respondents shall pay Daum the sum of US$250,000."). The possibility of future readjustments would not alter Respondents' liability or damages, as the Tribunal made its award immediately payable despite the possibility of later readjustments. Award ¶¶ 32, 47.

In other words, as the Award is a "decision [that] require[s] specific action and do[es] not serve as a preparation or a basis for further decisions by the arbitrators," it "'finally and conclusively disposed of a separate and independent claim' and therefore 'may be confirmed although [it does] not dispose of all the claims that were submitted to arbitration.'" *Zeiler v. Deitsch*, 500 F.3d 157, 169 (2d Cir. 2007) (quoting *Metallgesellschaft,* 790 F.2d at 283). The Award required specific action—payment of $250,000—and was not intended to serve as a preparation for further decisions. Even though only the final award can make the ultimate determination of which party should bear the costs of the arbitration, *see* ICC Rules art. 37(4), this partial award has permanently resolved a "separate and distinct issue from the issue of how the costs of the arbitration are ultimately to be borne by the parties." Award ¶ 48.

Moreover, the Agreement itself indicates that the Award was intended to be final and binding, stating that "[a]ny award of such arbitrators shall as between the parties hereto be final and entitled to all of the protections and benefits of a final judgment. . . . [and] any award of such arbitrators shall not be reviewable or appealable to any court." Agreement § 8.14. The ICC Rules, incorporated into the Agreement by reference, *see* Award ¶ 42, further state that "[e]very award shall be binding on the parties . . . [and be] carr[ied] out . . . without delay." ICC Rules art. 34(6) (emphasis added).

In sum, the Court finds that Respondents have failed to satisfy the heavy burden of showing why the Award should not be considered final and subject to confirmation. This Award was final in determining that Petitioner is entitled to immediately receive $250,000 from Respondents, and was separate and independent from the results of subsequent arbitration proceedings. *See Home Ins. Co. v. RHA/Pennsylvania Nursing Homes, Inc.*, 127 F. Supp. 2d 482, 487–88 (S.D.N.Y. 2001).

## III.    CONCLUSION

For the foregoing reasons, the court GRANTS the petition to confirm the Award. The Clerk shall enter judgment for Petitioner and against Respondents in the sum of $250,000 and close the case.

SO ORDERED.

Dated: Feb. 20         , 2014
New York, New York

_____
ALISON J. NATHAN
United States District Judge

5