```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: APR 16 2014
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DAUM GLOBAL HOLDINGS CORP.,

                Petitioner,

–v–

YBRANT DIGITAL LIMITED et al.,

                Respondents.

No. 13 Civ. 3135 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

    Daum Global Holdings Corp. ("Petitioner" or "Daum") moves to reopen this case and submits a second petition for confirmation of a foreign arbitral. For the reasons stated below, the motion to reopen is GRANTED and the petition for confirmation of the second award is GRANTED.

I.     BACKGROUND

    On February 20, 2014, the Court issued a Memorandum and Order that confirmed Daum's Petition for confirmation of a partial award issued by the ICC International Court of Arbitration in Singapore on March 6, 2013 (the "First Award"). *Daum Global Holdings Corp. v. Ybrant Digital Ltd.*, No. 13 Civ. 3135 (AJN), 2014 WL 896716 (S.D.N.Y. Feb. 20, 2014) (Dkt. No. 18). The Clerk of Court entered Judgment for Petitioner on February 26, 2014. Dkt. No. 19. Petitioner then filed this motion and petition to confirm a second arbitral award, and a letter motion to reopen the case. Dkt. Nos. 20–25. Respondents opposed, Wrobel Aff., Dkt. No. 26, and Petitioner replied in support, Dkt. No. 27. The Court refers to the February 20 Order for additional relevant factual background of the case. The following facts from Petitioner's second petition and supporting documents are undisputed.

    On September 18, 2013, the ICC Arbitration Tribunal issued another partial arbitration award ("the Second Award") in Petitioner's favor. Park Aff., Ex. A (Award), Dkt. No. 21. The

Second Award reflected Respondents' share of a $355,000 increase in the advance on costs of the arbitration. Award ¶¶ 50–51. As with the First Award, Respondents failed to pay their half of the advance on costs, Daum subsequently paid the advance in full, and the Tribunal granted Daum a partial award for Respondents' share. Award ¶¶ 50–53; Pet. at 6. The Award states that "[t]he Respondents shall pay Daum the sum of US$177,500." Award ¶ 75.

## II. DISCUSSION

Once again the Petitioner brings a petition to confirm an arbitration award rendered in a foreign state. Such petitions are governed by the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 53 ("New York Convention"), as implemented by, and reprinted in, the Federal Arbitration Act, 9 U.S.C. §§ 201–08. *Chi Ho Maritime S.A. v. C & Merchant Marine Co. Ltd.*, No. 08 Civ. 7997 (WHP), 2010 WL 1253720, at *2 (S.D.N.Y. Mar. 11, 2010).

The Petitioner's claim for confirmation of the Second Award presents nearly identical factual and legal issues as its earlier petition to confirm the First Award. Once again, the Tribunal has issued a final partial award. Respondents again claim that the Award is not truly final, because it is subject to later adjustment. As the Court has decided previously, this is not the case. *See Daum Global Holdings*, 2014 WL 896716, at *2–3. The existence of an upcoming arbitration hearing does not affect the finality of the Second Award, which is a "partial award [that] has permanently resolved a separate and distinct issue from the issue of how the costs of the arbitration are ultimately to be borne by the parties." *Id.* at *3.

In opposing confirmation of the Second Award, Respondents make the additional argument that a pending state court action between the parties makes confirmation premature because the ultimate disposition between the parties may be affected by the judgment in that upcoming case. Wrobel Aff. ¶¶ 10–13. However, "an arbitration award that fully disposes of a separate and independent claim is final for purposes of confirmation under the [Federal Arbitration] Act even if other claims remain pending." *Home Ins. Co. v. RHA/Pennsylvania*

2

*Nursing Homes, Inc.*, 127 F. Supp. 2d 482, 487 (S.D.N.Y. 2001). The Court "shall enter 'an order confirming the award as against any other party to the arbitration,' unless the court 'finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the . . . Convention.'" *Compagnie Noga D'Importation et D'Exportation, S.A. v. Russian Fed'n*, 361 F.3d 676, 683 (2d Cir. 2004) (quoting 9 U.S.C. § 207). The existence of a pending claim outside of the arbitration is not one of the seven "grounds for refusal or deferral of recognition or enforcement of the award." 9 U.S.C. § 207; *see* New York Convention art. V. Thus, the state court action cannot prevent confirmation of the final partial award at issue here.

### III. CONLUSION

The Court GRANTS Petitioner's motion to reopen. Because the Second Award is final and no grounds for refusal have been shown, the Court GRANTS the Petition to confirm. The Clerk of Court shall enter judgment for Petitioner and against Respondents in the sum of $177,500 and close the case.

SO ORDERED.

Dated: April 16, 2014
New York, New York

ALISON J. NATHAN
United States District Judge