UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



DAUM GLOBAL HOLDINGS CORP.,

    Petitioner,

—v—

YBRANT DIGITAL LIMITED, et al.,

    Respondents.

13-CV-3135 (AJN)

MEMORANDUM
& ORDER

ALISON J. NATHAN, District Judge:

    Daum Global Holdings Corp. ("Petitioner" or "Daum") once again moves to reopen this case and submits a third petition for confirmation of a foreign arbitral award. For the reasons stated below, the motion to reopen is GRANTED and the petition for confirmation of the third, and final, award is GRANTED.

## I. BACKGROUND

    On February 20, 2014, the Court issued a Memorandum and Order that granted Daum's petition for confirmation of a partial award issued by the ICC International Court of Arbitration in Singapore on March 6, 2013. Dkt. No. 18. Petitioner then filed a motion and petition to confirm a second arbitral award issued on September 18, 2013 along with a letter motion to reopen the case. Dkt. Nos. 20-25. On April 16, 2014, the Court issued a Memorandum and Order that reopened the case and granted Daum's petition for confirmation of this second partial award. Dkt. No. 28. The Court assumes familiarity with these prior Memoranda and Orders.

    On September 24, 2014, the arbitration panel issued a final award in favor of Daum against the three named Respondents (Ybrant Media Acquisition Inc., Ybrant Digital Limited, and LGS Global Limited) in the amount of $33,457,883, together with interest, certain costs, fees and expenses, and relief in respect of collateral held in escrow as described therein (the "Final Award"). *See* Dkt. Nos. 30, 31-1.

## II. DISCUSSION

    Petitions to confirm an arbitration award rendered in a foreign state are governed by the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21

U.S.T. 2517, 330 U.N.T.S. 53 ("New York Convention"), as implemented by, and reprinted in, the Federal Arbitration Act, 9 U.S.C. §§ 201-08. *Chi Ho Maritime S.A. v. C & Merchant Marine Co. Ltd.*, No. 08 Civ. 7997 (WHP), 2010 U.S. Dist. LEXIS 27608, at *3-4 (S.D.N.Y. Mar. 11, 2010). "'Under the Convention, [a] district court's role in reviewing a foreign arbitral award is strictly limited' and 'the showing required to avoid summary confirmance is high.'" *Compagnie Noga D'Importation et D'Exportation S.A. v. Russian Federation*, 361 F.3d 676, 683 (2d Cir. 2004) (quoting *Yusuf Ahmed Alghanim & Sons, W.L.L. v. Toys "R" Us, Inc.*, 126 F.3d 15, 19, 23 (2d Cir. 1997)). The Court "shall enter 'an order confirming the award as against any other party to the arbitration,' unless the court 'finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the . . . Convention.'" *Id.* (quoting 9 U.S.C. § 207).

Respondents oppose confirmation of the Final Award on the sole ground that confirmation is "premature" because "[t]he Final Award sets forth a series of steps by which Daum must make specific demands upon Respondents before Daum's rights and its ultimate remedy become definite." Resp.'s Opp'n ¶ 5. To briefly explain, the Final Award was issued on September 24, 2014, and it provides that, within 15 days of the date of the Final Award, Ybrant Media Acquisition Inc. shall pay the principal sum of $33,547,883 plus interest as described in the Final Award. Resp.'s Opp'n ¶ 7. Respondents do not dispute that Ybrant Media Acquisition Inc. failed to pay the amount owed by this date. Resp.'s Opp'n ¶ 9. But the Final Award also provides that Ybrant Digital Limited, as guarantor for Ybrant Media Acquisition Inc., shall pay the principal sum of $33,547,883 plus interest as described in the Final Award within 20 days following written demand from Daum, which, Respondents contend, did not occur until October 23, 2014. Resp.'s Opp'n ¶ 7, 10. Based on these two provisions, Respondents argue that, "[p]ursuant to the Final Award, payment by Ybrant Digital [Limited] is not due and owing until November 12, 2014, twenty (20) days after the written notice was served by Daum. Accordingly, the instant Motion is premature because Ybrant Digital [Limited] has failed to pay Daum." Resp.'s Opp'n ¶ 11.

Respondents do not contest that November 12, 2014 has come and gone without Ybrant Digital's paying the requisite sum to Daum under the Final Award.[1] Regardless, Respondents do

---

[1] Petitioner filed a letter with the Court representing that Ybrant Digital failed to make the required payment by this date. Dkt. No. 38. Respondents never responded to this letter.

2

not point to any of the seven grounds for refusing to confirm an arbitration award under the New York Convention; thus, the Court concludes that the Final Award should be confirmed.

## III. CONLUSION

The Court GRANTS Petitioner's motion to reopen the case. And because no grounds for refusing to confirm the Final Award have been shown, the Court GRANTS the Petition to confirm the Final Award. The Clerk of Court shall enter judgment for Petitioner and against Respondents as set forth in Paragraph 213 of the Final Award (Dkt. No. 31-1 at pp. 46-47) and shall close this case. This resolves Dkt. Nos. 30 and 35.

SO ORDERED.

Dated: May _____, 2015
New York, New York

_____
ALISON J. NATHAN
United States District Judge