UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x
   DAUM GLOBAL HOLDINGS CORP.,     :   ECF CASE
                                                          :
       Judgment Creditor-Petitioner,       :   13 cv 3135 (AJN)
                                                          :
vs.                                                             :   **SPECIAL PROCEEDING FOR**
                                                           :   **ENFORCEMENT OF MONEY**
   YBRANT DIGITAL LIMITED (a/k/a LYCOS  :   **JUDGMENT UNDER N. Y.**
   INTERNET LIMITED), YBRANT MEDIA      :   **CPLR ARTICLE 4 AND RULE**
   ACQUISITION, INC.,                             :   **69 (a)**
                                                           :
       Judgment Debtors-Respondents, and   :
                                                            :
   LYCOS, INC.                                             :
                                                           :
       Garnishee-Respondent                :
------------------------------------------------------- x

**AFFIRMATION OF BO-YONG PARK, ESQ. IN SUPPORT OF MOTION OF JUDGMENT CREDITOR DAUM GLOBAL HOLDINGS CORP. FOR ORDER APPOINTING IT PURSUANT TO C.P.L.R. § 5228 AS RECEIVER OF JUDGMENT DEBTOR YBRANT MEDIA ACQUISITION INC.'S 56% OWNERSHIP INTEREST IN RESPONDENT-GARNISHEE LYCOS, INC.**

      Bo-Yong Park, an attorney duly admitted to the practice of law in the State of New York, affirms under penalties of perjury as follows:

      1.     I am counsel for the Judgment Creditor, Daum Global Holdings Corp. (hereinafter "Daum," the "Judgment Creditor" or the "Petitioner") in these proceedings and acted as such in the prior arbitration between the parties, as well as in the original transaction in which Daum contracted to sell Lycos, Inc. ("Lycos") to the Judgment Debtors. I make this affirmation based on personal knowledge.

      2.     As the Court will recall, the arbitration resulted in three arbitration awards in favor of Daum and against the Judgment Debtors, respectively for $250,000 and $177,500 and a

final award of some $36,603,744.38.[1]  All three of those awards have been duly confirmed by judgments of this Court entered respectively on February 26, 2014, April 18, 2014 and May 6, 2015.  No appeal was taken.

3.The Court acted to enforce those judgments by Memorandum Order entered October 6, 2015 (the "Turnover Order"), in which the Court ordered the Judgment Debtors either to pay the judgments or to turn over to sheriff or marshal for sale in satisfaction of judgment: (1) the stock certificates evidencing ownership by Ybrant Media Acquisition, Inc. ("Ybrant Media") of 56% of the shares of Lycos; and (2) stock certificates evidencing ownership by Ybrant Digital Limited ("Ybrant Digital") of its wholly-owned worldwide subsidiaries as listed in Petitioner's moving memorandum, all in number and value sufficient to satisfy the estimated balance owed on the above judgments, subject to re-evaluation when all shares of Lycos (both the 56% still held by Ybrant Media and the 44% already held as security by Judgment Creditor) are sold and proceeds of sale received.  See conclusion of Turnover Order, 2015 U.S. Dist. LEXIS 136835 at pages 2-3.  A copy of the Turnover Order is attached hereto as Exhibit B.

4.I served upon the Judgment Debtors and Garnishee-Respondent Lycos the formal demand for compliance with the Turnover Order (annexed hereto as Exhibit C), calling for a response by December 4, 2015.  No response was received to such demand nor was any turnover or delivery made.  The time for taking an appeal from the Court's Turnover Order expired on November 7, 2015 and no appeal was taken, giving the Turnover Order final and indisputable effect.

---

[1] See Writ of Execution and spread sheet showing calculation of accrued interest amounts, Exhibit A hereto.  The Final Award bears simple interest at the Libor rate plus 2% as directed in the arbitration award.  The two initial awards made no provision for interest and thus bear interest at the federal judgment rate under 28 U.S.C §1961 (a), compounded annually. §1961 (b).  Pursuant to the Writ of Execution (Exhibit A hereto), Daum obtained $574,058.37 by levying on Ybrant Media's bank account maintained at the New York Branch of ICICI Bank.

5.      Thus, Judgment Debtors having made no payment and delivered no stock certificates or other assets in response to the Turnover Order, I respectfully submit that they have gone into contempt of the Court's directives.  On behalf of the Judgment Creditor I am returning to this Court to request a further step in enforcement of the Court's money judgments and Turnover Order.

6.      The further enforcement order I request at this time is appointment of the Judgment Creditor as receiver under C.P.L.R. § 5228 of the 56% of Lycos shares still held by Judgment Debtor Ybrant Media and that such Judgment Debtor has withheld in violation of the Court's Turnover Order.  Exercise of receivership power over such 56% of Lycos shares, combined with the authority over the 44% of Lycos shares already held by Daum, will give Daum, as Judgment Creditor, the authority of a 100% shareholder over the affairs of Lycos, and we request that the receivership order so provide.  As the Judgment Debtors have simply ignored the Court's Turnover Order, replacement certificates for the 56% Lycos shares held by Ybrant Media are needed to permit sale of Lycos.

7.      In addition, appointment of the Judgment Creditor as receiver will permit it to carry out a directive of the Court under C.P.L.R. §5225 (c), which we are also requesting on this motion, that it cause the old Lycos share certificates held by Ybrant Media to be cancelled and new ones to be issued and delivered for levy and eventual sale in compliance with the Turnover Order.  Photocopies of the 56% Lycos shares held by Ybrant Media are attached hereto as Exhibit D.  As counsel for Daum I held the originals in my possession in 2010 until time for the closing of the sale transaction.  These stock certificates are in the name of Daum but were assigned to Ybrant Media by stock powers at the time of the sale of Lycos.

8.     The receivership presently sought would pertain to Ybrant Media's ownership interest in Lycos and would confer on Daum the ability to control such company until the shares are levied and sold to satisfy the Court's judgments, just as Daum could have done if the Judgment Debtors had obeyed the Court's directive in the Turnover Order to deliver to Daum the stock certificates evidencing Ybrant Media's ownership of the 56% of Lycos shares. The receivership now requested is limited and would do little more than enforce in part the Court's prior Turnover Order, which has been disobeyed.

9.     Daum is a subsidiary of Kakao Corp., a prominent internet/mobile technology company in South Korea. William Choi, the CFO of Kakao Corp., is currently the designee of Daum to Lycos' board of directors pursuant to the Stock Purchase Agreement between Daum and Ybrant Media, although for the past several years Lycos has been unilaterally operated and run by Ybrant without calling board meetings. Chang Jun Kim, the CEO of Daum, is also familiar with this case and has been involved in Daum's arbitration against the Judgment Debtors and related New York Supreme Court proceedings. Thus, Daum is prepared to accept the Court's appointment as receiver and accordingly will forego the commission to the receiver of up to 5% authorized by C.P.L.R. 5228 when the receiver is a person other than the Judgment Creditor itself.

10.    We submit that no bond, or only the most nominal bond should be required for the limited receivership now requested, as the receivership serves only to enforce the Court's Turnover Order as it related to Lycos shares, no third parties need to be protected and all of the proceeds of Lycos shares should go toward payment of the judgments. The present value of the 100% Lycos shares (both the 56% still held by Ybrant Media and the 44% already held as security by Judgment Creditor) is estimated to be far less than the current unsatisfied judgment

amount exceeding $36 million. See Turnover Order, <u>Exhibit B</u> hereto, p. 2 ("Petitioner also estimates the value of the Escrowed Shares to be approximately $6.4 million, far less than the $35 million total value of the judgments in their favor. See [Reply Affirmation of Bo-Yong Park dated July 16, 2015, ¶9] (noting that the Escrowed Shares represent 44% of a company worth approximately $14.5 million)"). The 56% of Lycos shares held by Ybrant Media were to have been delivered to the Judgment Creditor without any obligation as to a bond. Judgment Debtors should not be allowed to use their defiance of the Court as a means to impose additional enforcement costs on their Judgment Creditor.

11. As an indication of the urgency of establishment of the receivership I note that I have reviewed the accounts of Judgment Debtor Ybrant Digital and its subsidiary companies for the past several years as published under rules of the Indian stock exchanges, but I could not find that it has anywhere disclosed to the investing public that it is subject to judgments of this Court in excess of $36 million and to an order that it surrender the shares of Lycos and its other subsidiaries in payment of these judgments. Nondisclosure of such a material fact, let alone nonpayment of this Court's judgments, suggests a perilous economic situation. The Judgment Debtors' various attempts to move or dissipate their US assets to evade enforcement of judgment have been reported to the Court by Hoyoung Yun of Daum in his June 19, 2015 affidavit submitted to the Court (Docket No. 47) at ¶¶ 12 – 14. Such attempts included transfer of Lycos division to Cayman Islands and sale of Lycos patent portfolio. <u>Id</u>. Mr. Yun's affidavit is attached hereto as <u>Exhibit E</u>.

12. Daum would respectfully reserve for the next stage of enforcement any request for receivership of other assets of Ybrant Media and those of the parent Judgment Debtor, Ybrant Digital, which has also defied the Court's Turnover Order as it called for delivery of stock

certificates representing ownership of Ybrant's worldwide 100% subsidiaries in sufficient number to fully discharge the balance of the judgments.

13.  Attached hereto as <u>Exhibit F</u> is a form of proposed order for appointment of a receiver of the Lycos shares, as requested hereby.

Dated:  New York, New York
        January 21, 2016

*/s/ Bo-Yong Park*
_____
Bo-Yong Park (BP1622)
632 West 28th Street, 4th floor
New York, New York 10001
(800) 615-6470
Attorneys For Petitioner-Judgment Creditor
Daum Global Holdings Corp.
