UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------- x

DAUM GLOBAL HOLDINGS CORP.,                  :      ECF CASE
                                             :
        Judgment Creditor-Petitioner,        :      13 cv 3135 (AJN)
                                             :
vs.                                          :      **SPECIAL PROCEEDING FOR**
                                             :      **ENFORCEMENT OF MONEY**
YBRANT DIGITAL LIMITED (a/k/a LYCOS          :      **JUDGMENT UNDER N. Y.**
INTERNET LIMITED),  YBRANT MEDIA             :      **CPLR ARTICLE 4 AND RULE**
ACQUISITION, INC.,                           :      **69 (a)**
                                             :
        Judgment Debtors-Respondents, and    :
                                             :
LYCOS, INC.                                  :
                                             :
        Garnishee-Respondent                 :

--------------------------------------------------- x

**MEMORANDUM OF LAW IN SUPPORT OF JUDGMENT CREDITOR DAUM
GLOBAL HOLDINGS CORP.'S MOTION FOR ORDER APPOINTING IT PURSUANT
TO C.P.L.R. § 5228 AS RECEIVER OF JUDGMENT DEBTOR YBRANT MEDIA
ACQUISITION INC.'S 56% OWNERSHIP INTEREST IN RESPONDENT-GARNISHEE
LYCOS, INC.**

Bo-Yong Park
William J.T. Brown, Of Counsel
The Law Office of Bo-Yong Park, P.C.
632 West 28th Street, 4th floor
New York, New York 10001
(800) 615-6470
Attorneys for Petitioner-Claimant
Daum Global Holdings Corp.

TABLE OF CONTENTS

INTRODUCION .................................................................................................. 3
PROCEDURAL BACKGROUND ...................................................................... 5
JUDGMENT DEBTORS HAVE GONE INTO CONTEMPT .................................. 6
ARGUMENT ..................................................................................................... 6
A.        Appointment Of A Receiver For Ybrant Media Is Fully Justified ................................ 6
B.        Directive To The Receiver To Cause Existing Stock Certificates To Be Cancelled And
Replacement Stock Certificates To Be Issued Is Authorized By C.P.L.R. § 5225 (C) ................ 10
C.        No Bond, Or Only Nominal Bond, Should Be Required Where Receivership Is Used
Only To Enforce The Court's Turnover Order ............................................................ 11
D.        Interests Of New York As A Major Commercial And Judicial Center Call For
Effective Enforcement Of Judgment ........................................................................ 12
CONCLUSION ................................................................................................ 13

TABLE OF AUTHORITIES

**Cases**

Animal Science Prods. v. Hebei Pharm. Co., Ltd (In re Vitamin C Antitrust Litig), 2015 U.S.
     Dist. LEXIS 138281 (E.D.N.Y. 2015) ................................................................ 9
Aquavella v. Equivision, Inc., 181 Misc. 2d 322; 694 N.Y.S. 2d 547 (Monroe County 1999) ..... 8
Franklin Nat'l Bank v. Hall, 51 Misc. 2d 736, 273 N.Y.S. 2d 810 (N.Y. Civ. 1966) .................. 9
Gryphon Dom. VI, LLC v. APP.Int'l Fin. Co. B.V., 41 A.D.3d 25; 836 N.Y.S. 2d 4 (2007) ..... 10
Hotel 71 Mezz Lender L.L.C. v. Falor,14 N.Y.3d 303; 926 N.E.2d 1202; 900 N.Y.S.2d 698;
     2010 N.Y. LEXIS 41; 2010 NY Slip Op 01348 (2010).......................................... 6, 7
Koehler v. Bank of Bermuda Ltd., 12 N.Y. 3d 533, 911 N.E. 2d 825 (2009).......................... 10
Spotnana, Inc. v. Am. Talent Agency Inc., 2013 US Dist. LEXIS 15208, *18 (S.D.N.Y., 2013) . 8
Udel v. Udel, 82 Misc. 2d 882; 370 N.Y.S. 2d 426; 1975 N.Y.Misc. LEXIS 2834 (Civil Court
     City of N.Y. 1975) ......................................................................................... 8
United States v. Vulpis, 967 F.2d 734; 1992 U.S.App. LEXIS 6827 (2d Cir. 1992) ................... 8

STATUTES

C.P.L.R § 5225 (a) ....................................................................................... 10
C.P.L.R. § 5225 (c) .................................................................................... 3, 10
C.P.L.R. §5228(a) ..................................................................................... 6, 9
C.P.L.R. §6403............................................................................................ 11
C.P.L.R. 5228................................................................................... 10, 11
Rule 69 (a), Fed. R. Civ. P. ......................................................................... 10

## INTRODUCION

The Petitioner-Judgment Creditor, Daum Global Holdings Corp. ("Daum," the "Petitioner" or the "Judgment Creditor") submits this Memorandum of Law in support of its accompanying motion to partially enforce the Court's October 6, 2015 Turnover Order in which the Court  directed the Judgment Debtor-Respondents, Ybrant Digital Limited ("Ybrant Digital") and its wholly-owned subsidiary, Ybrant Media Acquisition, Inc. ("Ybrant Media"), to turn over to sheriff or marshal the certificates representing the 56% of shares of Respondent-Garnishee Lycos, Inc. ("Lycos") that are held by Ybrant Media, together with certificates representing ownership of stock in Ybrant Digital's array of some thirty worldwide subsidiaries in number and value sufficient to satisfy the outstanding judgments.  See conclusion of the Court's Memorandum and Order (hereinafter the "Turnover Order"), copy attached as <u>Exhibit B</u> to accompanying affirmation of Bo-Yong Park, Esq. dated January 21, 2016 ("Park Aff.").

As shown in the Park Affirmation, Judgment Debtors have defied and disregarded the Turnover Order, making no turnover whatever.  Nor have they made any response to Daum's formal demand that they comply with the Turnover Order.  See Park Aff. ¶4 and <u>Exhibit C</u> thereto.  Accordingly, we now return to the Court to ask for partial enforcement of the Turnover Order by appointment of Daum as receiver of Ybrant Media's 56% ownership interest in Lycos, with directive under C.P.L.R. § 5225(c) as receiver:

(1) to take possession, receipt, ownership and control of the shares of capital stock representing Ybrant Media's 56% ownership interest in Lycos that Ybrant Media has withheld in violation of the Court's Turnover Order;

(2) to exercise the power and authority of such 56% ownership interest in Lycos that Ybrant Media has withheld in violation of the Court's Turnover Order, in conjunction

with power and authority already held by Daum at the present time as creditor-in-possession of a 44% ownership interest in Lycos, giving Daum authority as shareholder of 100% of Lycos;

(3) to cause any and all stock certificates of Lycos representing Ybrant Media's 56% ownership interest in Lycos to be cancelled and substitute stock certificates to be issued, delivered and taken by the receiver in their stead;

(4) to cause the new stock certificates representing 56% ownership interest in Lycos, or if Ybrant Media turns over to the receiver the old stock certificates which Ybrant Media has heretofore withheld in violation of the Court's Turnover Order, then such stock certificates, to be subjected to levy and execution sale by the receiver in coordination with sheriff or marshal as contemplated in the Turnover Order; and

(5) to execute and deliver any document necessary to effect the foregoing.

Under the circumstances where the Judgment Debtors simply ignore the Turnover Order and do not produce the Lycos stock certificates they hold, it is necessary for the receiver to cause the stock certificates held by Ybrant Media (that such Judgment Debtor has withheld in violation of the Court's Turnover Order) to be cancelled and new stock certificates as will evidence 56% ownership of the Lycos stock to be issued and delivered to the receiver for levy. We also ask the Court to order the Judgment Debtors to submit to the authority of the Judgment Creditor as receiver/holder of 100% of the Lycos shares (receiver of 56% and creditor-in-possession of 44%). The receiver would thus have authority to ensure obedience to the Turnover Order as it relates to surrender and delivery of the stock certificates evidencing ownership interest in Lycos. The receivership would be conducted by the Judgment Creditor under authority of the Court.

Grant of the present motion would leave to a later day the enforcement of the branch of the Turnover Order that directs delivery of stock certificates representing ownership of Ybrant Digital's worldwide subsidiaries in sufficient number to permit full satisfaction of judgment. See conclusion of Turnover Order (Park Aff., Exhibit B), p.7.

## PROCEDURAL BACKGROUND

As the Court will recall and as shown in the accompanying Park Affirmation, ¶¶2 - 3, the Court has made three judgments confirming international arbitration awards in favor of Petitioner and against Judgment Debtors Ybrant Digital and Ybrant Media.  Such judgments were entered respectively on February 26, 2014, April 18, 2014 and May 6, 2015 and are in respective amounts of $250,000, $177,500 and $36,603,744.38.[1]  By issuing the Turnover Order the Court proceeded to enforce its above judgments and ordered the Judgment Debtors to pay the judgments or, in the alternative to turn over for sale in satisfaction or partial satisfaction of judgment: (1) the stock certificates evidencing ownership by Ybrant Media of 56% of the shares of Lycos; and (2) stock certificates evidencing ownership by Ybrant Digital of its wholly-owned worldwide subsidiaries as listed in Petitioner's moving memorandum, all in number and quantity sufficient to satisfy the balance owed on the above judgments after credit is given for current value of 44% of Lycos shares already held as security by Daum.

The current value of the 44% was estimated for present enforcement purposes at some $6.4 million.  See Park Aff., Exhibit B, Turnover Order at 4.  Also to be applied against the judgments would be the amount of $574,058.37 obtained by means of a writ of execution served

---

[1]  See Writ of Execution and spread sheet showing calculation of accrued interest amounts, Park Aff. ¶2 and Exhibit A thereto.  The Final Award bears simple interest at the Libor rate plus 2% as directed in the arbitration award. The two initial  awards made no provision for interest and thus bear interest at the federal judgment rate under 28 U.S.C §1961 (a), compounded annually. §1961 (b).

upon the account of Ybrant Media with the New York Branch of ICICI Bank. Park Aff., ¶2, n. 1.
Accordingly, the amount remaining to be realized through enforcement of the Court's Turnover
Order is some $30 million, subject to re-evaluation when all shares of Lycos (both the 56% and
the 44%) are sold and proceeds of sale received.

## JUDGMENT DEBTORS HAVE GONE INTO CONTEMPT

To ensure Judgment Debtors were fully aware of the Court's Turnover Order Daum's
counsel served a copy thereof on Judgment Debtors and their counsel on November 13, 2015
(see Park Aff., ¶4 and Exhibit C thereto).  No response to such summation was received nor any
payment upon the judgments made. Id.  No appeal was taken from the Turnover Order.  Both of
the Ybrant Judgment Debtors are therefore in blatant contempt of the Turnover Order, and
accordingly this request for supplemental measures of enforcement is justified and required.

## ARGUMENT

**A.       Appointment Of A Receiver For Ybrant Media Is Fully Justified**

New York's C.P.L.R. §5228(a) provides that:

> Upon motion of a judgment creditor . . . the court may appoint a
> receiver who may be authorized to administer, collect, improve,
> lease, repair or sell any real or personal property in which the
> judgment debtor has an interest or to do any other acts designed to
> satisfy the judgment.

The leading authority on use of this enforcement device is Hotel 71 Mezz Lender L.L.C.
v. Falor, 14 N.Y.3d 303; 926 N.E.2d 1202; 900 N.Y.S.2d 698; 2010 N.Y. LEXIS 41; 2010 NY
Slip Op 01348 (2010).   There the New York Court of Appeals approved the use of a receiver to

take control and sell scattered, out-of-state intangible property interests to enforce a $65 million

judgment.  The court there quoted with approval Siegel's practice commentary stating that:

> A receivership has been held especially appropriate when the
> property interest involved is intangible, lacks a ready market, and
> presents nothing that a sheriff can work with at an auction, such as
> the interest of a psychiatrist/judgment debtor in a professional
> corporation.

Siegel, New York Practice, 4th Edition § 512 at 872, quoted in Hotel 71, supra, 14 N.Y. 3d 303,

317; 926 N.E.2d 1202, 1212; 900 N.Y.S.2d 698, 707.  The factors favoring receivership that the

Court of Appeals cited in Hotel 71 are in large part present in this case as well:  "[T]he

appointment of a receiver is warranted due to the complexity of defendants' intangible

ownership interests in various limited liability companies and defendants' disregard for the

Supreme Court's discovery orders. . ." Id.  Here we are far beyond the initial discovery stage and

the Judgment Debtors' defiance of the Court is evidenced by even more serious misconduct,

their noncompliance with final judgments and Turnover Order.  As in Hotel 71, where there was

no "ready market" for sales of the intangible condominium interests there at issue, there is no

ready market for the shares of Lycos, as it is a private company whose ownership is divided and

whose accounts are not disclosed in public.  Especially sinister is that Ybrant Digital, a company

listed in stock exchanges in India, has not disclosed the $35 million arbitration award, the

judgments of this Court confirming that award, or the Turnover Order, despite the evident

materiality of such award, judgments and order as they relate to the value of publicly traded

stock of Judgment Debtor Ybrant Digital.  Park Aff., ¶11.  Furthermore, the Judgment Debtors

have already made various attempts to move or dissipate their US assets to evade enforcement of

judgment including attempted transfer of a Lycos division to the Cayman Islands and sale of Lycos

patent portfolio.  See Affidavit of Hoyoung Yun dated June 19, 2015 (Docket No. 47 and Exhibit

E to Park Aff.) at ¶¶ 12 – 14.  These factors all add up to a risk of usurpation of Lycos by

Judgment Debtors and ensuing insolvency of Lycos unless a receiver is allowed to take control

of it, marshal its assets and sell it without delay.

       The use of C.P.L.R. 5228 receivership for enforcement of judgment is well established.

See, *e.g.*, United States v. Vulpis, 967 F.2d 734; 1992 U.S.App. LEXIS 6827 (2d Cir. 1992)

(5228 receivership of mob assets identified in RICO case).  Court-ordered transfer of corporate

stock to a receiver and the receiver's authority to exercise shareholders' rights have also been

held to be justified where, as here, the stock to be turned over is not readily marketable.  See

Udel v. Udel, 82 Misc. 2d 882; 370 N.Y.S. 2d 426; 1975 N.Y.Misc. LEXIS 2834 (Civil Court

City of N.Y. 1975) (directing stock certificate to be turned over to a receiver and authorizing the

receiver to dissolve a professional corporation to satisfy the judgment); see also Aquavella v.

Equivision, Inc., 181 Misc. 2d 322, 325 ; 694 N.Y.S. 2d 547, 549 (Monroe County 1999) ("The

property to be received and held by the receiver consists of all the shares of [a corporation]

owned by [judgment debtor].  The receiver is granted authority to perform all acts required or

allowed in this capacity as a shareholder of [the corporation] … The transfer of shares to the

receiver shall be effectuated immediately upon receipt of this decision and order.").  Judgment

Debtor's failure to voluntarily satisfy a judgment is a good cause for appointment of

receivership.  Spotnana, Inc. v. Am. Talent Agency Inc., 2013 US Dist. LEXIS 15208, *18

(S.D.N.Y., 2013) ("[T]he Court has provided the Judgment Debtors more than enough time to

work toward satisfying the judgment informally and without the Court's intervention.

Unfortunately, it is now evident that the Judgment Debtors have no intention of satisfying the

judgment on their own.")

Some cases require that the property going to receivership be precisely defined.  See Animal Science Prods. v. Hebei Pharm. Co., Ltd (In re Vitamin C Antitrust Litig), 2015 U.S. Dist. LEXIS 138281 (E.D.N.Y. 2015).  Here, the property in question is well defined and the need for receivership in combination with turnover order has become evident as a result of Judgment Debtors' contempt.

C.P.L.R. §5228 (a) makes clear that the judgment creditor may be appointed as receiver since it explicitly provides that: "if a judgment creditor is appointed as receiver he shall not be entitled to compensation," whereas other receivers "shall be entitled to necessary expenses and to such commissions, not exceeding five per cent of the sums received and disbursed by him, as the court which appointed him allows…."  Accord, Franklin Nat'l Bank v. Hall, 51 Misc. 2d 736, 273 N.Y.S. 2d 810 (N.Y. Civ. 1966) (judgment creditor may serve as receiver).  Here there is special advantage in appointing Daum as receiver since until 2010 it was the owner of Lycos and has special knowledge of the problems and needs of the internet business.  Park Aff. ¶9. Furthermore, as Daum already possesses 44% of Lycos shares, administering and selling 100% of Lycos shares by Daum would be most efficient to achieve expediency and effectiveness of judgment enforcement.  William Choi, CFO of Daum, is currently the designee of Daum to Lycos' board of directors pursuant to the Stock Purchase Agreement between Daum and Ybrant Media, although for the past several years Lycos has been unilaterally operated and run by Ybrant without calling board meetings.  Chang Jun Kim, the CEO of Daum, is also familiar with this case and has been involved in Daum's arbitration against the Judgment Debtors and related New York Supreme Court proceedings.  Id.

Daum is prepared to accept the Court's appointment as receiver and thus will forego the

5% commission to the receiver authorized by C.P.L.R. §5228 when the receiver is a person other

than the Judgment Creditor itself.  Id.


**B.      Directive To The Receiver To Cause Existing Stock Certificates To Be Cancelled And Replacement Stock Certificates To Be Issued Is Authorized By C.P.L.R. § 5225 (C)**

The Court's Turnover Order referring to delivery of stock certificates held by the

judgment debtors outside New York was clearly authorized by language of C.P.L.R.§5225 (a).

As established by the Court in its Turnover Order, New York law for the enforcement of money

judgments, applicable here pursuant to Rule 69 (a), Fed. R. Civ. P., the authority of the enforcing

court extends to personal property of the Judgment Debtor, such as stock certificates, physically

located outside New York. E.g., Gryphon Dom. VI, LLC v. APP.Int'l Fin. Co. B.V., 41 A.D.3d

25; 836 N.Y.S. 2d 4 (2007). The same rule is applied to a garnishee over whom the court has

jurisdiction to compel it to bring property of the judgment debtor into New York. *See* Koehler v.

Bank of Bermuda Ltd., 12 N.Y. 3d 533, 911 N.E. 2d 825 (2009), citing the Legislature's 2006

amendment to CPLR 5224 requiring a garnishee served with a subpoena duces tecum to produce

subpoenaed materials whether located within or without the state.

In the absence of voluntary compliance with an order under C.P.L.R § 5225 (a) and

where "[d]ocuments to effect payment or delivery" are necessary to implement the Court's

turnover order, C.P.L.R. § 5225 (c) goes on to provide that "the court may order any person to

execute and deliver any document necessary to effect payment or delivery."  A receiver endowed

by the Court with authority to take possession and dispose of property of the judgment debtor

clearly falls within the category of "any person" who may be directed by the Court "to execute

and deliver" documents necessary to effect delivery.  Such documents should include any

documents cancelling stock certificates held by Ybrant Media but withheld by it in violation of

the Court's Turnover Order and other documents such as substitute stock certificates to be

issued, delivered and taken by the receiver in their stead.  Also, pursuant to C.P.L.R. § 5225 (c)

the Court may order William Choi, Daum's designee to Lycos' board of directors, or any other

officers or directors of Lycos, to execute and deliver such documents as requested by the

receiver.

C.      **No Bond, Or Only Nominal Bond, Should Be Required Where Receivership Is**
        **Used Only To Enforce The Court's Turnover Order**

        The last sentence of C.P.L.R. §5228 makes applicable the requirement of C.P.L.R.

§6403, governing "temporary receiverships", that the receiver post an undertaking.  Daum

submits that on this motion the bond should be waived or fixed at a nominal amount as all of the

assets to be placed in receivership (the 56% interest in Lycos shares) are directly encompassed in

the Court's Turnover Order and were to have been delivered to the Judgment Creditor without

any bond obligation.  Judgment Debtors should not be allowed to use their defiance of the Court

as a means to impose additional enforcement costs on their Judgment Creditor.  Unlike the usual

case of a "temporary receiver" under C.P.L.R. §6403, here the assets going into receivership will

not be coming out to be returned to debtor but rather will be applied in satisfaction of judgment.

There is no risk that the judgments or the Turnover Order will be challenged or modified as the

time for appeal has long passed.  Nor is there any likelihood that the assets of Ybrant Media and

Lycos placed in receivership will exceed the judgments here at issue or have to be returned in

part to the Debtors. Park Aff. ¶10.  The present value of the 100% Lycos shares (both the 56%

still held by Ybrant Media and the 44% already held as security by Judgment Creditor) is

estimated to be far less than the current unsatisfied judgment amount exceeding $36 million.  See

Turnover Order, Park Aff., <u>Exhibit B</u> at p. 4 ("Petitioner also estimates the value of the Escrowed Shares to be approximately $6.4 million, far less than the $35 million total value of the judgments in their favor.  See [Reply Affirmation of Bo-Yong Park dated July 16, 2015, ¶9] (noting that the Escrowed Shares represent 44% of a company worth approximately $14.5 million)").  As noted above, the 56% Lycos shares held by Ybrant Media were to have been delivered to the Judgment Creditor without any obligation as to a bond.

**D.      Interests Of New York As A Major Commercial And Judicial Center Call For Effective Enforcement Of Judgment**

This case brings Korean and Indian parties, active in the worldwide internet business, into the jurisdiction of the federal court in New York.  The parties voluntarily submitted to that jurisdiction over the sale of a Virginia corporation headquartered in Massachusetts because they trusted in the fairness and efficacy of the administration of justice in this great commercial center, which has welcomed international business.  That undoubted fairness and efficacy served the Judgment Debtors at the outset of the transaction as it permitted them to purchase the internet pioneer, Lycos in exchange for a modest down payment and a promise of further payment based on future performance of Lycos.  However, in the face of the Judgment Debtors' refusal to pay, in defiance of a Singapore arbitration award as confirmed by this Court, it is now Daum that is looking to the fairness and efficacy of our judicial system and procedures to ensure that business commitments placed under the protection of New York and United States law can be assured a strong, practical chance of fulfillment.  Daum is therefore respectfully requesting the Court's firmness in enforcement of its Turnover Order by appointment of a receiver and grant of the present motion.

## CONCLUSION

For the reasons set forth above and in the accompanying Park Affirmation and exhibits thereto, Petitioner Daum respectfully requests that the Court appoint a receiver of Respondent Ybrant Media's 56% ownership interest in Respondent Lycos, with authority as provided in the accompanying proposed form of receivership order; and for such further measures of enforcement as the Court may deem just and proper.  Petitioner respectfully reserves its right to seek further measures of enforcement, in particular as against the parent judgment debtor, Respondent Ybrant Digital.

Respectfully submitted,

Dated: New York, New York
       January 21, 2016

THE LAW OFFICE OF BO-YONG PARK, P.C.

By: _____
     Bo-Yong Park (BP1622)

Bo-Yong Park (BP1622)
William J.T. Brown (WB1306), Of Counsel
632 West 28th Street, 4th floor
New York, New York 10001
Attorneys For Petitioner-Claimant
Daum Global Holdings Corp.