UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Daum Global Holdings Corp.,
                Petitioner,

–v–

Ybrant Digital Limited, *et al.*,
                Respondents.

---

13-CV-3135 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

      On February 20, 2014, April 16, 2014, and May 5, 2015, the Court granted three motions to confirm three separate arbitration awards totaling approximately $36 million in the above-captioned case. Dkt. Nos. 18, 19, 28, 29, 40, and 41. After Ybrant Digital Limited and other Ybrant companies (collectively, "Respondents" or "Ybrant" or "Judgment Debtors") failed to make timely payment of the awards to Petitioner Daum Global Holdings Corp. ("Petitioner" or "Daum" or "Judgment Creditor"), on October 6, 2015, the Court granted Petitioner's motion for a Turnover Order compelling Ybrant to turn over the stock certificates representing their 56% of shares of Respondent-Garnishee Lycos, Inc. ("Lycos") in order to satisfy the awards. *See* Dkt. No. 55.

      Ybrant did not turn over the certificates, and Petitioner now moves the Court for partial enforcement of the Turnover Order by appointing Daum as a receiver of Ybrant's 56% ownership interest in Lycos pursuant to N.Y. C.P.L.R. §§ 5225(c), 5228. *See* Second Affirmation of Brian Bo Yong Park, Esq. in Support of Motion ("Park Aff."), Dkt. No. 91.

      For the following reasons, Petitioner's motion is GRANTED.

I.   BACKGROUND

The Court assumes the parties' familiarity with the history of this action. The Court's previous orders provide additional background. *See Daum Glob. Holdings Corp. v. Ybrant Dig. Ltd.*, No. 13-CV-3135 (AJN), 2015 WL 5853783 (S.D.N.Y. Oct. 6, 2015) [hereafter, Turnover Order]; Dkt. No. 40; *Daum Glob. Holdings Corp. v. Ybrant Dig. Ltd.*, No. 13-CV-3135 (AJN), 2014 WL 896716 (S.D.N.Y. Feb. 20, 2014). For present purposes, the following summary suffices.

On February 20, 2014 and April 16, 2014, the Court confirmed two arbitral awards, for $250,000 and $177,500 respectively, issued by the ICC International Court of Arbitration in Singapore pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517 ("New York Convention"), implemented and codified at 9 U.S.C. § 207. On May 5, 2015, the Court granted Daum's petition for confirmation of a third and final award in the amount of $33,457,883 plus interests, certain costs, fees and expenses. Dkt. No. 40. The awards provided that if Respondents failed to make timely payment, Petitioner would be entitled to receive certain shares held in escrow (the "Escrowed Shares"). Respondents did not make payment, and Petitioner acquired possession of the Escrowed Shares. Turnover Order at *1. However, because the value of the Escrowed Shares is estimated to be considerably less than the full value of the judgment, the Petitioner also moved the Court for a Turnover Order compelling Ybrant to turn over their stock certificates in a variety of wholly-owned subsidiaries to satisfy the remainder of the awards. Dkt. No. 43. The Court granted this motion. *See generally* Turnover Order.

On January 6, 2016, Daum received a check for $574,058.37 obtained by means of a writ of execution served on Ybrant Media's account with the New York branch of ICICI Bank. *See*

Dkt. Nos. 56-58. Additionally, the value of the Escrowed Shares – representing 44% of Lycos, Inc. – was previously estimated at around $6.4 million. *See* Turnover Order at *2. However, approximately $30 million of the judgment remained unsatisfied and Ybrant did not comply with the Turnover Order.

Accordingly, on January 25, 2016, Daum first moved this Court to appoint it as receiver under N.Y. C.P.L.R. § 5225(c) to: "take possession, receipt, ownership, and control of the shares of capital stock representing Ybrant Media's 56% ownership interest in Lycos that Ybrant Media has withheld in violation of the Court's Turnover Order," thus giving Daum "authority as shareholder of 100% of Lycos," to cancel Ybrant's stock certificates in Lycos and issue new certificates to Daum for levy. *See* Memorandum of Law in Support of Petitioner's Motion to Appoint Receiver ("Orig. Br."), Dkt. No. 66, at 3-4. Daum represented that the Court's granting of the motion "would leave to a later day" the enforcement of the portion of the Turnover Order directing delivery of stock certificates in Ybrant's subsidiaries in sufficient number to permit full satisfaction of judgment. *Id.* at 5 (citing Turnover Order at *4).

However, before the Court could decide the motion, on March 15, 2016, Ybrant informed the Court that it had filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Dkt. No. 79. Accordingly, as mandated by 11 U.S.C. § 362, the Court stayed the litigation, Dkt. No. 81, and administratively denied Daum's motion to appoint a receiver. *See* Dkt. No. 82.

On August 25, 2017, Petitioner informed the Court that Ybrant's petition in bankruptcy court had been dismissed. Dkt. No. 88. The Court lifted the stay and invited Daum to resubmit its receivership motion, Dkt. No. 89, which it did on August 30, 2017. *See* Dkt. Nos. 90-91. Since the filing of the instant motion, Daum has received one additional payment in partial satisfaction of the judgment, a check for $46,140.50 from White Oak Global Advisors ("White

3

Oak"). Dkt. No. 99. Nonetheless, approximately $30 million of the judgment remains unpaid. As detailed below, Respondents oppose the refiled motion. *See* Response of Judgment Debtors-Respondents to Judgment Creditor-Petitioner's Refiled Motion for Appointment of Judgment Creditor as Receiver ("Opp."), Dkt. No. 96.

## II. LEGAL STANDARD

New York's C.P.L.R. § 5228(a) provides that "the court may appoint a receiver who may be authorized to administer, collect, improve, lease, repair or sell any real or personal property in which the judgment debtor has an interest or to do any other acts designed to satisfy the judgment." The appointment of a receiver under § 5228(a) is a matter within a court's discretion. *United States v. Vulpis*, 967 F.2d 734, 736 (2d Cir. 1992).

There is no formal test for whether a receiver should be appointed, but both sides point the Court to *Hotel 71 Mezz Lender LLC v. Falor*, which sets forth certain factors courts should consider in determining whether the appointment of a receiver is justified. Orig. Br. at 6-7 (quoting 14 N.Y.3d 303, 317 (2010)); Opp. at 2 (same). In *Hotel 71*, the Court of Appeals suggests that courts should generally consider: (1) "the alternative remedies available to the creditor," (2) "the degree to which receivership will increase the likelihood of satisfaction," and (3) "the risk of fraud or insolvency if a receiver is not appointed." 14 N.Y.3d at 317 (internal quotation marks and citation omitted); *see also In re Vitamin C Antitrust Litig.*, No. 05-CV-453 (BMC), 2015 WL 5918254, at *5 (E.D.N.Y. Oct. 9, 2015); *United States v. Zitron*, No. 80-CV-6335 (RLC), 1990 WL 13278, at *1 (S.D.N.Y. Feb. 2, 1990). A receivership is especially appropriate when "the property interest involved is intangible, lacks a ready market, and presents nothing that a sheriff can work with at an auction, such as the interest of a psychiatrist/judgment debtor in a professional corporation of which he is a member." *Hotel 71*, 14 N.Y.3d at 317

4

(internal quotation marks and citations omitted). The judgment creditor may itself be appointed receiver, but is not entitled to the compensation another receiver would normally receive. *See* § 5228(a).

## III.   ANALYSIS

Petitioner makes a few key arguments in favor of its application. First, it asserts that there is "no ready market for the shares of Lycos, as it is a private company whose ownership is divided and whose accounts are not disclosed in public." Orig. Br. at 7. Second, Daum argues that the Respondents "have already made various attempts to move or dissipate their US assets to evade enforcement of judgment including attempted transfer of a Lycos division to the Cayman Islands and sale of Lycos patent portfolios." *Id.*

Respondents principally argue that receivership is inappropriate because Daum has been presented with an alternative remedy "that it is simply too inpatient to take advantage of." Opp. ¶ 3. Specifically, Ybrant affirms that it has sought financing in the amount of $150 million from White Oak, part of which would be used to pay the judgment. *Id.* ¶ 4. Ybrant argues that even though the Bankruptcy Court dismissed their case, "it did not adjudicate the issue of whether the financing was likely to be obtained." *Id.* ¶¶ 5, 9.

Daum's "impatience" is understandable. As of the date of this Order, more than two years have elapsed since Respondents filed their chapter 11 petition in bankruptcy court, and the financing still has not been secured. Respondents have argued for a long time that this financing was viable, but the bankruptcy judge had reason to state "I don't believe you're ever going to see this financing," and "your plan is not feasible." *See* Petitioner Daum's Reply Memorandum ("Reply"), Dkt. No. 97, at 3 & Ex. A at pp. 24-25. Moreover, a copy of a letter from potential financier White Oak to Respondents' CEO, Suresh Reddy, subpoenaed by Petitioner and

attached to its reply brief, confirms that White Oak "is no longer interested in pursuing a financing deal" with Respondents. Reply at 3-4 & Ex. B. This proposed "alternative remedy" is not truly available to Daum and the Court has provided the Judgment Debtors more than enough time to satisfy the judgment without the Court's intervention. *Cf. Spotnana, Inc. v. Am. Talent Agency, Inc.*, No. 09-CV-3698 (LAP), 2013 WL 227546, at *6 (S.D.N.Y. Jan. 22, 2013).

Respondents also attempt to rebut Daum's arguments for why a receivership is appropriate. First, Ybrant argues that the receivership would only minimally increase the likelihood of Daum's recovery on its judgment, given that the value of the 56% of Lycos stock held by Ybrant, combined with the value of the 44% of Lycos stock already held by Daum, "is insufficient to cover much of the judgment held by the Judgment Creditor." Opp. ¶ 11.

While that may be true,[1] Ybrant offers no support for its implied contention that receivership must be an all-or-nothing proposition. That is, while the value of the 56% of Lycos stock in Ybrant's hands may not even be worth the $20,000,000 it attested to in its Corporate Monthly Operating Report filed in bankruptcy court, *see* Reply, Ex. C, an amount which would still be insufficient to fully satisfy the judgment, receivership would nonetheless increase the likelihood that Daum would recover at least part of the outstanding judgment. Given the lack of any viable alternative, as shown above, Ybrant's argument that Daum would not be able to achieve full satisfaction through receivership does nothing to persuade the Court to deny the motion and block Daum's greater opportunity to achieve partial satisfaction.

---

[1] In fact, in recognition of the probability that Ybrant's 56% stake in Lycos was likely insufficient to achieve full satisfaction, the Court's Turnover Order explicitly covered Ybrant's stock in its subsidiaries. *See* Turnover Order at *4 ("Stock certificates subject to this Order include, but are not limited to, stock in the companies outlined in pages 5 to 6 of Petitioner's Brief in which Ybrant Digital has a 100% ownership interest, as well as Ybrant Media's stock in Lycos.").

Finally, Respondents argue that Daum's proffered evidence of fraud – its transfer of assets to a Cayman Islands corporation and sale of Lycos's patent portfolio – is speculative, and that the appointment of a receiver would only hasten insolvency, not avoid it. *Id.* ¶¶ 12-14.

The risk of insolvency is high regardless of the disposition of this motion. According to filings made in the bankruptcy proceeding, Ybrant Media's assets consist of $100 cash and its 56% ownership interest in Lycos, Inc., while its liability exceeds $39 million (including what it owes to Daum). Park Aff. ¶ 7. Ybrant Digital disclosed that it has no assets in the United States other than stock ownership of its U.S. subsidiaries, which are subject to the Court's Turnover Order. However, there is reason to believe that a receivership is necessary to prevent further diminution in value. First, there is some evidence that Ybrant has sought to strip Lycos of its value by transferring assets to India; Daum successfully sued Ybrant in state court to obtain a preliminary injunction to prevent the further transfer of assets from Lycos. *See* Affidavit of Ho Young Yun, Dkt. No. 65, Ex. E, ¶ 12. Even after the entry of the preliminary injunction, some Lycos assets were moved to the Cayman Islands, and Ybrant announced that it was selling Lycos's internet patents. *Id.* ¶¶ 13-14. Second, despite the bankruptcy court's order that the legal fees of Ybrant's counsel were to be paid by Ybrant Digital and not by Ybrant Media, the fees were taken from Lycos (despite the preliminary injunction), causing the United States Trustee to seek disgorgement of the improperly paid fees. *See* Reply at 7 & Ex. D. While there may be no conclusive proof the Judgment Debtors' fraudulent intent in taking these actions, given this history, the added security Daum will have as the appointed receiver militates in favor of granting the motion.

For all of the foregoing reasons, the Court finds that the appointment of the Judgment Creditor as receiver for the 56% share of Lycos held by Ybrant Media is warranted. Because the

7

assets going into receivership will be applied in satisfaction of the judgment, there is no need for the Court to set a bond amount under C.P.L.R. § 6403.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Petitioner's motion to appoint a receiver. Accordingly, upon motion of the Judgment Creditor for enforcement of this Court's judgments and of the Court's prior turnover order dated October 6, 2015 ("Turnover Order") by appointment of a receiver pursuant to C.P.L.R. § 5228, and such motion having been duly served upon Respondents and adequate notice given, it is

ORDERED that the Judgment Creditor, Daum Global Holdings Corp. ("Daum"), is appointed as receiver of Respondent-Judgment Debtor Ybrant Media Acquisition, Inc. ("Ybrant Media")'s ownership interest in Respondent-Garnishee Lycos, Inc. ("Lycos") which interest has been established as 56% of the capital stock of such Respondent:

(1) to take possession, receipt, ownership and control of the shares of capital stock representing Ybrant Media's 56% ownership interest in Lycos that Ybrant Media has withheld in violation of the Court's Turnover Order;

(2) to exercise the power and authority of such 56% ownership interest in Lycos that Ybrant Media has withheld in violation of the Court's Turnover Order, in conjunction with power and authority already held by Daum at the present time as creditor-in-possession of a 44% ownership interest in Lycos, giving Daum authority as shareholder of 100% of Lycos;

(3) to cause any and all stock certificates of Lycos representing Ybrant Media's 56% ownership interest in Lycos to be cancelled and substitute stock certificates to be issued, delivered and taken by the receiver in their stead;

(4) to cause the new stock certificates representing 56% ownership interest in Lycos, or if Ybrant Media turns over to the receiver the old stock certificates which Ybrant Media has heretofore withheld in violation of the Court's Turnover Order, then such stock certificates, to be subjected to levy and execution sale by the receiver in coordination with sheriff or marshal as contemplated in the Turnover Order; and

(5) to execute and deliver any document necessary to effect the foregoing; and it is further

ORDERED that the said receiver may employ counsel of receiver's choosing and to authorize counsel to act in the name and stead of the receiver in carrying out the duties of the receivership and in transmitting receiver's directives and consent; and it is further

ORDERED that the said receiver before entering upon its duties hereunder and in order to qualify therefor shall by its counsel in these proceedings or other representative execute and file an oath herein that it will faithfully and fairly discharge its duties hereunder; and it is further

ORDERED that Judgment Debtor Ybrant Media, Judgment Debtor Ybrant Digital Limited, and Respondent-Garnishee Lycos, their respective agents, servants, employees, officers and directors and all those claiming under or through them or any of them submit hereto and comply with directives of the receiver as to operation of Lycos and as to cancellation, reissuance and delivery of any and all stock certificates of Lycos representing Ybrant Media's 56% ownership interest therein and all such individuals or entities are hereby ordered to execute and deliver any documents the receiver requests hereunder; and it is further

ORDERED that the said receiver shall cause all funds received in the operation of receivership hereunder to be maintained in or channeled through a trust account established by its counsel until expended in the ordinary course of business pursuant hereto or applied toward

satisfaction of the judgments referred to above, or as otherwise authorized by the Court; and it is further

ORDERED that the receiver shall comply with the requirements of C.P.L.R. §§ 5228, 6402, 6403, 6404, and 6405 and applicable court rules relating to appointment of fiduciaries.

This Order resolves Dkt. No. 90.

SO ORDERED.

Dated: ~~April~~ May 8, 2018
New York, New York

_____
ALISON J. NATHAN
United States District Judge